# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GIOVANNA C. BAILEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:22-cv-03323 |
| COUNTRYSIDE RENTALS, INC. D/B/A RENT-2-OWN, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** GIOVANNA C. BAILEY ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of COUNTRYSIDE RENTALS, INC. D/B/A RENT-2-OWN ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff bring this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), Trespass to Chattels, and Unjust Enrichment.

### PARTIES

2. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

3. Defendant is retailer for rent to own products whose principal office is located at 210 S Quarry St, Bainbridge, Ohio, 45612-9482.

1

4. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

### JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in the Northern District of Ohio.

### FACTS SUPPORTING CAUSES OF ACTION

7. In or around 2019, Plaintiff leased a bed, washer dryer set, love seat, sofa, TV, and PS4 from Defendant ("subject debt").

8. Due to unexpected financial troubles, Plaintiff struggled to make monthly payments towards the subject debt.

9. Shortly thereafter, Defendant began placing telephone calls and text messages to Plaintiff's cellular telephone number, ending in 3566, to collect on subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

11. Specifically, many of Defendant's text messages threaten to come to Plaintiff's home with a sheriff to obtain the leased property, even after Plaintiff states that she is away from her home.

12. In addition to the harassing calls and texts, Defendant has also sent live representatives to harass Plaintiff and her family at her home located in Coshocton, Ohio

13. Moreover, on or around September 4, 2021, while Plaintiff was away from home to attend her father's funeral, Defendant sent its representative to Plaintiff's home.

14. It was during this visit that Defendant's representative damaged Plaintiff's door.

15. In addition to damaging Plaintiff's back door, Plaintiff's daughter, a minor, became fearful of Defendant's representative who continued to shout at the back door, "I know you are home!"

16. In or around the middle of September 2021, as an act of good faith, Plaintiff returned the PS4 and TV leased from Defendant and included a payment totaling $980 to satisfy subject debt.

17. Subsequent to returning the merchandise and making a payment, Plaintiff received a letter from Defendant's store manager, Ashley Coburn ("Defendant's letter").

18. Specifically, Defendant's letter stated, "Congratulations!!! You made your final payment and now it's yours, you own it!"

19. Plaintiff understood Defendant's letter to mean that any outstanding balance was paid off in full.

20. Despite Defendant's letter validating that Plaintiff's accounts were paid in full, Defendant continued to place calls and text messages to Plaintiff's cellular phone.

21. Not only was Plaintiff receiving telephone calls, but her mother was also called in an attempt to collect on the alleged subject debt.

22. In or around September 2021, Plaintiff requested that all the calls and text messages cease to her cellular phone, as the amount of calls and text messages were overwhelming.

23. Moreover, Defendant sent an additional letter to Plaintiff dated November 17, 2021 stating Plaintiff had not made a timely payment towards subject debt.

3

24. The additional calls, text messages, home visits, and letter attempting to collect an alleged past due balance from Plaintiff caused further confusion as Plaintiff was under the impression that there was no balance owed due to Defendant's letter.

25. Furthermore, on November 22, 2021, Defendant sent another representative to Plaintiff's home in an attempt to collect on the alleged subject debt.

26. Specifically, Defendant's representative proceeded to knock on Plaintiff's door for twenty minutes to no avail. In an attempt to further intimidate and flush out Plaintiff, Defendant's representative sat in their vehicle outside of Plaintiff's home.

27. Concerned about her statutory rights being violated, Plaintiff retained counsel to cease Defendant's harassment.

**DAMAGES**

28. Defendant's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

29. Plaintiff has expended time consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

30. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect for an account not past due.

31. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription

services, the wear and tear caused to their cellular telephones, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

<strong><u>COUNT I-VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u></strong>

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant repeatedly placed or caused to be placed frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

34. The TCPA defines TFM as "equipment which has the capacity...to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

35. Upon information and belief, based on the content of the text messages, Defendant used a TFM.

36. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

38. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

39. Defendant violated the TCPA by sending text messages and calls to Plaintiff's cellular telephone after being told by Plaintiff to cease contact between September 2021 and the present day.

40. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

41. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

42. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

43. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

44. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message and call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, Giovanna C. Bailey, respectfully pray this Honorable Court for the following relief:

    a. Declare Defendant's text messages and calls to Plaintiff to be violation of the TCPA;
    b. Award Plaintiff damages of at least $500 per text message and call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
    c. Enjoining Defendant from further contacting Plaintiff; and
    d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

47. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

48. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

49. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff informed Defendant that she wanted the calls and texts to stop. Yet, Defendant has continued to contact Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

50. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by continuously calling and texting Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and texts without her permission is unfair and unconscionable behavior. Moreover, Defendant's representatives conduct at Plaintiff's house was both harassing and unconscionable. These means employed by Defendant only served to worry and confuse Plaintiff.

**WHEREFORE**, Plaintiff, Giovanna C. Bailey, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Award Plaintiff her actual damages in an amount to be determined at trial;

b. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

d. Award any other relief this Honorable Court deems equitable and just

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

51. Plaintiff restates and reallages paragraphs 1 through 50 as through fully set forth herein

52. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

53. Defendant's persistent and unwanted telephone calls and text messages to Plaintiff's phone, and in person visits to her home, eliminated her right to be left alone.

54. Moreover, Defendant's behavior in continuously contacting Plaintiff and Plaintiff's mother, by telephone calls, text messages, and home visits at different times throughout the day was highly intrusive and invasive.

55. Furthermore, due to Defendant's excessive collection efforts, Plaintiff's home sustained damage from Defendant's frequent visits.

56. All of the telephone calls and text messages made to Plaintiff's phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

57. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

58. Defendant's unsolicited telephone calls, text messages, and home visits resulting from its harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

59. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else, Plaintiff went with her cellular phone.

60. By continuing to call and text Plaintiff in an attempt to dragoon her into paying on a non-defaulted account, Plaintiff had no reasonable escape from these incessant text messages or calls.

61. As detailed above, by persistently placing telephone calls and sending text messages to Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

62. Defendant's relentless collection conduct and tactic of repeatedly placing telephone calls sending text messages to Plaintiff's cellular phone after she requested that contact cease is highly offensive to a reasonable person.

63. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff, Giovanna C. Bailey, respectfully request that this Honorable Court enter judgment in Plaintiff favor as follows:

- a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
- b. Awarding Plaintiff actual damages;
- c. Award Plaintiff punitive damages;
- d. Award Plaintiff reasonable attorney's fees & costs;
- e. Enjoining Defendant from contacting Plaintiff; and
- f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe.

66. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, and harassment carried out during the home visits, phone calls and text messages to Plaintiff's cellular phone.

67. Defendant knew that its relentless collection efforts would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

68. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

69. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

70. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls, text messages and home visits at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment despite not owing subject debt.

71. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

72. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

73. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress.

74. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff, Giovanna C. Bailey, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at evidentiary hearing;
c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT V- TRESPASS TO CHATTELS

75. Plaintiff restates and realleges paragraphs 1 through 74 as though fully set forth herein.

76. Generally, to establish a cause of action of trespass to chattels there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

11

77. Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring after Plaintiff requested that the calls and texts cease, thus temporarily impairing the phone's physical condition.

78. Moreover, as set forth above, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

79. In addition, Defendant intentionally interfered with the physical condition of Plaintiff's home and property during a harassing home visit when Defendant's representative caused damages to Plaintiff's back door and flower pot.

80. As set forth above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, Giovanna C. Bailey, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. A finding that Defendant trespassed on Plaintiff's chattel;

    b. Entry of judgment in Plaintiff's favor and against Defendant for trespass to chattels;

    c. An award of actual damages; and

    d. An award of punitive damages.

### COUNT VI-UNJUST ENRICHMENT

81. Plaintiff restates and realleges paragraphs 1 through 80 as though fully set forth herein.

82. To state a claim for unjust enrichment, a Plaintiff must allege that (1) the Defendant has unjustly retained a benefit to the Plaintiff's detriment, and (2) that Defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

83. Defendant unjustly retained a benefit to Plaintiff's detriment by unjustly attempting to call and swindle payments after Plaintiff paid the subject debt in full.

84. In addition, it was unfair for Defendant to excessively call, text, and visit Plaintiff's home when no debt is owed per Defendant's letter from Defendant's store manager, Ashley Coburn.

85. Defendant's attempt to collect such amounts objectively violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, Giovanna C. Bailey, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A finding that Defendant has been unjustly enriched by Plaintiff;
b. An award of compensatory damages; and
c. Any other relief this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 1, 2022

Respectfully Submitted,

*/s/ Chad W. Eisenback*
Chad W. Eisenback, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ceisenback@sulaimanlaw.com