UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GIOVANNA C. BAILEY | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-03323 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| COUNTRYSIDE RENTALS, INC. D/B/A RENT-2-OWN, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

**DEFENDANT COUNTRYSIDE RENTALS, INC. D/B/A RENT 2 OWN'S MOTION FOR A MORE DEFINITE STATEMENT**

Defendant Countryside Rentals d/b/a Rent 2 Own ("Countryside Rentals") brings this Motion for More Definite Statement under Federal Rule 12(e) in response to Plaintiff's Complaint.

Federal Rule 12(e) provides that: A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In this matter, Plaintiff's Complaint is vague and ambiguous regarding the allegation that Plaintiff allegedly revoked consent to receive electronic communications from Countryside Rentals.

Plaintiff states that she "leased a bed, washer dryer set, love seat, sofa, TV, and PS4 from Defendant." ("subject debt"). (ECF No. 1), ¶7. Plaintiff pleads that she returned two of the seven items that she had leased and made a payment regarding those items. ¶16. Plaintiff then pleads a belief that all the items were paid off, based on receiving a payoff letter relating to the two items she returned and paid off. ¶19. Yet, Plaintiff never alleges that the other items

1

were returned or paid off and pleads that Countryside Rental's continued to contact her about payment or return of Countryside's property.[1]

Plaintiff's Complaint alleges federal jurisdiction based on the Telephone Consumer Protection Act ("TCPA")—fundamentally based on one single allegation, which is that Plaintiff Giovanna C. Bailey ("Plaintiff") revoked consent for telephone communications from the Defendant to her. *See* Complaint (ECF No. 1), ¶ 40. At all relevant times, Plaintiff was actively renting (and in possession of) property owned by Countryside Rentals and continued to communicate with Countryside Rentals. Plaintiff's allegation that she revoked consent for telephone contact from Countryside Rentals is legally questionable since Plaintiff continued (and continues today) to be in possession of property belonging to Countryside Rentals.

Plaintiff alleges that she revoked consent without any factual details to support the claim. As stated, the claimed revocation is critical to Plaintiff's TCPA claim. But, Plaintiff's barebones pleading of a legal conclusion (*i.e.*, that she validly revoked consent) does not satisfy the governing federal plausibility standard.

Furthermore, in Plaintiff's early exchange of some initial disclosures prior to Countryside Rentals responding to the Complaint, Plaintiff's counsel provided communications between Plaintiff and Countryside Rentals that show Plaintiff repeatedly communicated with Countryside Rentals from the telephone number at issue. *See* attached **Exhibit 1** for all text message excerpts provided by Plaintiff's counsel. Plaintiff's text messages with Countryside Rentals establish Plaintiff's consent for electronic communications between

---

[1] It is worth noting that Plaintiff G. Bailey has been found to be in breach of her agreements with Countryside Rentals and judgment has been entered against her on her agreements with Countryside Rentals by the Coshocton County courts. *See Countryside Rentals v. Giovanna Bailey,* Coshocton County Municipal Court Case No. CVH-22-0064 (May 16, 2022 – Judgment Entry).

2

Countryside Rentals and Plaintiff. As a result, the vague allegation that Plaintiff revoked consent is particularly dubious. Based on the circumstances and pleading defect identified above, Plaintiff should be ordered to make a more definite statement regarding the details of: a) how, b) when, and c) to whom she allegedly expressed that she revoked consent to receive communications from Countryside Rentals.[2]

                                            Respectfully submitted,

                                            _____
                                            Christopher W. Tackett (0087776)
                                            **Bailey Cavalieri LLC**
                                            10 West Broad Street, Suite 2100
                                            Columbus, Ohio 43215
                                            Telephone: 614.229-3286
                                            Fax: 614.221.
                                            ctackett@baileycav.com

                                            *Attorney for Defendant Countryside Rentals, Inc. d/b/a Rent-2-Own*

---

[2] Undersigned counsel has contacted counsel for Plaintiff Giovanna Bailey and asked that Plaintiff cure the misstatement/inconsistency in Plaintiff's pleading. But, counsel for Plaintiff has not agreed to amend and correct the Complaint. Notably, Sulaimain Law Group has previously been subject to Rule 11 sanctions from the federal court in its home state of Illinois in the matter of *Jackson v. Experian et al.*, N.D. Ill. Case No. 15-cv-11140.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2022 the foregoing was served via the Court's ECF system:

Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL  60148
Telephone:  (630) 575-8181
ceisenback@sulaimanlaw.com

> /s/ Christopher W. Tackett
> Christopher W. Tackett (0087776)
>
> *Attorney for Defendant Countryside Rentals, Inc. d/b/a Rent-2-Own*

4886-2844-3966